**In re Betty S. CORESSEL, Debtor.**

**No. 00–30611.**

United States Bankruptcy Court, N.D. Ohio.

March 19, 2001.

888

James E. Hitchcock, Defiance, OH, for Betty S. Coressel.

Cynthia G. Tesznar, Toledo, OH, for James & Sonja Tonjes.

Elizabeth A. Vaughan, Toledo, OH, Chapter 7 Trustee.

### DECISION AND ORDER

RICHARD L. SPEER, Chief Judge.

In the above captioned case, the Debtor, in conformance with Bankruptcy Rule 4003(d), has filed a Motion to avoid a judgment lien held by James Tonjes and Sonja Tonjes (hereinafter referred to as the Tonjes). The statutory authority upon which the Debtor relies for her Motion is 11 U.S.C. § 522(f) which generally permits a debtor to avoid the fixing of a lien to the extent that such a lien impairs an exemption to which the debtor would have otherwise been entitled to claim. Specifically, § 522(f), provides, in relevant part:

Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is-

(A) a judicial lien, . . .

. . . .

(2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of-

(i) the lien,

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

On April 3, 2000, the Tonjes filed an objection to the Debtor's Motion to Avoid Lien. In their Objection, the Tonjes, while recognizing that a portion of their judgment lien impairs the Debtor's exemption and thus should be avoided in accordance with the formula provided for in § 522(f), argue that sufficient equity exists in the Debtor's residence to prevent the avoidance of their judgment lien in full. Simply put, the Tonjes argue that their lien is not fully impaired within the meaning of § 522(f), and therefore their judgment lien

against the Debtor's property should remain intact, albeit at a reduced value. In support thereof, the Tonjes related to the Court this factual information:

The Debtor has a one-half (½) interest in certain real property located in Defiance County, Ohio. The Debtor, along with her husband, use this property as their principal place of residence;

according to the Auditor of Defiance County, Ohio, the appraised value of the Debtor's residence is $65,890.00. Of this amount, $32,945.00 represents the Debtor's one-half (½) interest in the property;

the Debtor's residence is encumbered by a first and second mortgage, both of which are owed to Mid–Am Bank;

the total amount owed on the first and second mortgages to Mid–Am Bank is $47,991.80. The Debtor's one-half interest in these mortgages is $23,995.90;

against her one-half interest in the residence, the Debtor, in accordance with O.R.C. § 2329.66(A)(b), has claimed a $5,000.00 dollar exemption;

the Tonjes have a judgment lien against the Debtor's interest in her residence in the amount of $27,489.63.

As to the present value of the judgment lien at issue, the Tonjes argue that the lien should be valued at Three Thousand Nine Hundred Forty-nine and 10/100 dollars ($3,949.10). This dollar amount was determined as follows:

| | |
|---|---|
| Judicial lien | $27,489.63 |
| Other liens | $23,995.90 |
| Exemption | $ 5,000.00 |
| Total | $56,485.53 |

$56,485.53 then exceeds the Debtor's interest of $32,945.00 in the property by $23,540.53. As a consequence, the Tonjes' judgment lien of $27,489.63 against the Debtor's property may be avoided by $23,540.53, thus leaving the Tonjes with a $3,949.10 dollar judgment lien against the Debtor's property.

The Debtor, while not challenging the substantive application of 11 U.S.C. § 522(f) to the above-mentioned facts, has contested the use of the Defiance County Auditor's appraisal of her residence. Specifically, the Debtor argues that, at most, her one-half (½) interest in the residence should be valued at Twenty-seven Thousand dollars ($27,000.00), instead of Thirty-two Thousand Nine Hundred Forty-five dollars ($32,945.00), and therefore, in accordance with the formula set forth above in 11 U.S.C. § 522(f), no equity would exist in her house for the judgment lien held by the Tonjes to attach—i.e., the judgment lien held by the Tonjes may be avoided in full.

Based upon the Debtor's point of contention, the Court, on December 18, 2000, conducted an Evidentiary Hearing to determine the value of the Debtor's residence. At this Hearing, at which time the Parties were afforded the opportunity to present evidence in support of their respective positions, the following factual information was presented to the Court concerning the value of the Debtor's residence:

In 1993, the Debtor, along with her husband, purchased their residence for Thirty-eight Thousand Nine Hundred dollars ($38,900.00). The residence itself, which is located in an old neighborhood in Defiance, Ohio, sits on a very small lot and has one (1) small garage and one and one-half (1½) bathrooms. While the owners of the property, the Debtor and her husband, in addition to making some minor improvements to the property, installed new windows in the property at a cost of Six Thousand Three Hundred dollars ($6,300.00). With respect to these new windows, it was related to the Court that as a condition to

obtaining financing for the windows, an appraisal was conducted of the property. This appraisal, which was performed in June of 1999, estimated the value of the Debtor's residence to be Fifty-four Thousand dollars ($54,000.00). With regards to this value, the person actually responsible for conducting the appraisal related to the Court two additional pieces of information: First, the installation of the new windows would increase, by an indeterminate amount, the value of the property. Second, since the time the appraisal of the Debtor's residence was performed, the overall value of homes in Defiance County, Ohio, has increased, and thus it is likely that the Debtor's property has also appreciated in value. It is along this line that the Tonjes argue that this Court should accept the Sixty-five Thousand Eight Hundred Ninety dollar ($65,890.00) appraisal value reached by the Auditor of Defiance County, Ohio. In opposition to this argument, however, the Debtor testified that she and her husband have recently attempted, without success, to sell their home. In this regard, it was shown that the Debtor originally listed her house for sale at Sixty-four Thousand Nine Hundred dollars ($64,900.00), but eventually lowered the asking-price, in incremental steps, to Forty-eight Thousand Nine Hundred dollars ($48,900.00). With respect to the Forty-eight Thousand Nine Hundred dollar ($48,900.00) asking price, the Debtor testified that she kept her property on the market at this price for approximately six (6) months.

After evaluating the foregoing considerations, as they relate to the different figures put forth by the Parties concerning the value of the Debtor's residence, the Court finds that for purposes of § 522(f), the appropriate valuation of the Debtor's residence is the Forty-eight Thousand Nine Hundred dollar ($48,-900.00) asking price the Debtor and her husband sought from the property. Accordingly, in conformance with the formula set forth in § 522(f), the judgment lien held by the Tonjes against the Debtor's interest in the subject property may be avoided in full. In coming to this conclusion, the Court relied upon the fact that market exposure, rather than an auditor's appraisal or an appraisal undertaken for refinancing purposes, is the best indicator as to the true value of a debtor's residence. *See In re Kerbs,* 207 B.R. 211, 214–15 (Bankr.D.Mont.1997) (the value of property for purposes of § 522(f) is the price a willing seller and a willing buyer would agree upon after a reasonable period of exposure to the market). Simply put, since property is only worth what another person is willing to pay for it, the Debtor's residence-even after considering some minor appreciation to the property-cannot be worth more than the property's lowest listing price of Forty-eight Thousand Nine Hundred dollars ($48,900.00). With respect to this decision, the Court makes a couple of observations: First, appraisals undertaken by a county auditor, although not completely irrelevant with respect to the value of a debtor's residence, tend to be skewed, as the appraisal's primary purpose is not necessarily to ascertain the true value of a debtor's residence, but is rather a device used to generate revenue for the county. Similarly, an appraisal undertaken for refinancing purposes, although probably a better indicator as to the actual value of a debtor's residence, does not always reflect the true worth of a debtor's property, as such an appraisal cannot factor in the offer of a ready, willing and able buyer.

Accordingly, for the foregoing reasons, the Court holds the value of the Debtor's residence is Forty-eight Thousand Nine Hundred dollars ($48,900.00). Therefore, given the undisputed value of the other

liens against the Debtor's property, and the Debtor's claim of a Five Thousand dollar ($5,000.00) exemption in her residence, the Court finds that, in conformance with the formula set forth in 11 U.S.C. § 522(f), the judgment lien held by James and Sonja Tonjes against the one-half (½) interest the Debtor maintains in her residence may be avoided in full. In this regard, however, it should be noted that the Court does not have jurisdiction over the Debtor's husband, James Coressel; thus to the extent the Tonjes maintain a judgment lien against his interest in the subject property, this interest is not avoided.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion of the Debtor, Betty Coressel, to Avoid the Judgment Lien of James and Sonja Tonjes be, and is hereby, GRANTED; and that the Judgment Lien of James and Sonja Tonjes against the one-half(½) interest the Debtor, Betty Coressel, maintains in her residential property located at 110 Main Street, Defiance, Ohio, legal description being: Lot number Twenty-eight (28) in the Highland Park Addition to the City of Defiance, County of Defiance, and State of Ohio, as shown on the Plat Records Volume 4, Page 15, of the Plat Record for the Highland Park Addition, to the City of Defiance, County of Defiance, and State of Ohio; be, and is hereby, AVOIDED IN FULL.